UNITED STATES v. TAYLOR. See Case No. 15,878.

## Case No. 16,443.

### UNITED STATES v. TEFFRY.

[3 Int. Rev. Rec. 67.]

Circuit Court, S. D. New York. 1866.

VIOLATIONS OF CUSTOMS LAWS—FAILURE TO PRODUCE MANIFEST.

[Fine imposed upon the master for failure to produce manifest as required by the act of 1791, § 26 (1 Stat. 205).]

This was a suit against the defendant, who was master of the brig Flight, to recover the penalty prescribed by the 26th section of the act of congress of 1791, providing that if the master of any vessel bound to the United States, shall not, on arrival within the district where the cargo is to be discharged, produce to the proper officer the manifest

required by the statute, and deliver copies as required, he shall forfeit a sum not exceeding $500. The Flight was bound from Mantanzas to New York, and on her arrival she had no manifest, and was put in charge of custom-house officers. The capias in the case was returned this morning. The defendant appeared and read affidavits in mitigation of the offence, which it was not denied that he had committed. The affidavit of the defendant stated that he was not aware that it was necessary by law to have his manifest ready to deliver to the officer when he came on board; that, when the officer demanded it, he told him that it was not ready, but his consignees would make it out on his arrival, which the officer said would do just as well, and that on his arrival his consignees made it out, and it was sent to the barge office next morning; and that he had no knowledge or intention to disobey the law.

Mr. Courtney, Asst. U. S. Dist. Atty., stated to the court that the department had sent instructions that this class of cases, which had caused a great deal of trouble and annoyance to the custom-house officers, should henceforth be prosecuted and the law strictly enforced.

Mr. Courtney, for the Government.
Hawkins & Cothren, for defendant.

THE COURT (BENEDICT, District Judge) said that the law must be strictly obeyed, and that, as far as the court was concerned, its enforcement would be strictly carried out. Under the circumstances of this particular case, the penalty would be fixed at $50; but it must be understood that so light a penalty would form no precedent for subsequent cases.